## Gustav Muller, Appellant, v. R. H. Neumeister, Appellee.

### Gen. No. 21,631.

1. JUDGMENT, § 441*—*when note is not merged into.* A promissory note is not so merged into a judgment entered thereon as to preclude recovery in a subsequent action on the note aided by attachment where such judgment was vacated before plea filed in such suit.

2. BILLS AND NOTES, § 422*—*when note sued on in action aided by attachment and bearing indorsement of prior entry of judgment is admissible in evidence.* A note sued on in action aided by attachment bearing an indorsement thereon that judgment had theretofore been entered on such note is admissible in evidence in such attachment action under pleadings showing the entry of such judgment, notwithstanding the copy of the note set forth in the declaration does not contain such indorsement and although explanation of the presence of the notation is not first given.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed February 7, 1917.

A. G. DICUS, for appellant.

WILLIAM A. ROGAN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an attachment suit commenced on January 31, 1913, in the County Court of Cook county by Muller against Neumeister on a judgment note dated July 18, 1908, for $732.85 due six months after date. Nearly four years prior to the beginning of this suit, that is on March 24, 1909, Muller obtained judgment in the Municipal Court by confession for $754.35 on the same note. That judgment was still outstanding at the time

of the institution of the present attachment suit.   The declaration in the present case is on the common counts with an additional count on the note of July 18, 1908.   The defendant pleaded nonassumpsit, and on November 22, 1913, two other pleas, the first of which was, in substance, as follows:

"That the plaintiff ought not to have his suit because on March 24, 1909, he impleaded defendant in the Municipal Court of Chicago for the non-performance of the same promises and on February 3, 1913, plaintiff came into that court and confessed that he would not further prosecute said suit but withdrew himself, therefore it was considered by the court that plaintiff should take nothing and that defendant should go hence without day as by the records appear, which judgment remains in force, etc."

and the second of which was, in substance, as follows:

"That plaintiff impleaded defendant in the Municipal Court for not performing the same promises; that plaintiff recovered judgment therein on March 29, 1909, for $754.35, for his damages as by the record appears, which judgment remained in full force and effect at and after the commencement of suit, etc."

The plaintiff filed a replication and amended replication and a second amended replication.   The first replication alleged that the judgment of March 24, 1909, had been set aside on February 3, 1913, on the motion of the defendant.   The first amended replication alleged that the judgment of March 24, 1909, was not in force; that there was no such record; that on January 18, 1913, defendant entered his motion to vacate and set aside said judgment of March 24, 1909, which motion was continued from time to time until on February 3, 1913, the Municipal Court set aside and vacated the judgment of March 24, 1909, and dismissed said cause out of said court.

The second amended replication alleged that there was not on January 31, 1913, nor thereafter any record

of any supposed recovery or judgment such as is mentioned in defendant's pleas.

The court entered an order striking from the files the first amended replication and ordered the defendant to file a rejoinder to the second amended replication. The defendant filed a rejoinder setting up that the plaintiff ought not to have his action because on January 31, 1913, the Municipal Court granted a judgment against defendant upon the same promises for $754.35, which judgment was in force at the time of the commencement of this suit.

The cause was tried by the court without a jury. Plaintiff offered in evidence a judgment note dated July 18, 1908, payable six months after date to Gustav Muller, or order, for the sum of $732, which note was signed R. H. Neumeister.

Plaintiff in making the offer said that he confined it to the face of the note as originally made. Across the face of the note, as offered, there appeared the following words and figures:

"Judgment
For $754.35 & Costs
Entered March 24, 1909
HOMER K. GALPIN."

The defendant objected on the ground that the note was merged in the judgment and that the copy of the instrument set forth in the declaration did not correspond with the note offered in evidence. The trial judge ruled that "the indorsement that judgment had been entered would preclude liability" and entered judgment for the defendant. Was the exclusion of the note with this indorsement upon it erroneous? While it is true that in many cases a document will not be received in evidence where there is indorsed upon it some statement which defeats the purpose for which it was offered, or renders it incompetent as evidence until the presence of the notation is first explained by the introduction of competent evidence, we do not think

the present case falls within that rule.  An examination of the pleadings shows that it is alleged on behalf of the defendant that a judgment was entered against him in the Municipal Court on the same day as that indicated by the indorsement on the face of the note, and that an order of judgment was entered upon that date is expressly admitted by the plaintiff's amended replication, and impliedly by his second replication, and therefore no explanation in regard to the notation was required.  It did devolve on plaintiff, however, to sustain the allegations made in his replications.  If he offered evidence sustaining his second plea that there was no record of a judgment existing on January 31, 1913, either by reason of the fact that the judgment was void, if it was void, or for any other reason, that would have sustained his right of action on the note.  But the question arises, and ought here to be answered, as to whether the first amended replication which sets out the vacation of the judgment on February 3, 1913, three days after this suit was started, was a good replication.  The facts disclosed by the pleadings are as follows:  The affidavit of attachment shows the nonresidence of the defendant and an indebtedness on the promissory note amounting to $897.93; the declaration sets out the common counts and a special count on the note, and a copy of the note sued on; the defendant pleads that a judgment was entered in the Municipal Court prior to the bringing of this suit; the replication shows that a motion was made by the defendant to vacate that judgment before this attachment was sued out, and that the judgment was actually vacated three days thereafter.  Defendant's contention is that the note was merged in the judgment, and that, in consequence, it could not be the basis of an attachment.

It is necessary for us first to consider what is meant when it is said that a cause of action is merged in a

judgment. Obviously nothing more is meant than that the court has considered a plaintiff's claim, and, after proper judicial proceedings, pronounced a judgment which invests the plaintiff with the right to enforce it by court process. The demand is the identical demand which the plaintiff had before, but it has taken on new attributes, and it cannot henceforth be pleaded except in its new form; in other words, as an adjudicated demand. It follows from this that if the judgment entered on the note is a valid judgment, the plaintiff, to be technically correct, should have declared upon the judgment, and a plea of former judgment on the notes was, in the absence of a replication, a good plea. Does a replication, which shows that at the time the plea was filed the judgment had already been vacated, show that the demand then stood in the identical form in which it was declared upon? We think that the analogy of a case where a prior suit was pending at the time suit is instituted is very persuasive. There, admittedly, the plaintiff had no right to maintain the second suit while the first suit was pending, but if the former suit is dismissed before plea, or even before trial, the second suit may be maintained. We think, moreover, that every dictate of reason is in favor of sustaining plaintiff's right to his attachment on the case made out by the declaration, plea and first replication.

The position taken by the defendant is based entirely upon a matter of form and is therefore technical. It cannot be claimed that at the time the attachment suit was begun there was not outstanding an obligation on the defendant towards the plaintiff. It is true that the evidence of that obligation had been temporarily changed from a promissory note to the record of the judgment, but at no time was the indebtedness of the defendant extinguished. Merger is not extinguishment. Counsel for the defendant likens this case

to one where the payee of a note sues the maker before the note is due. In the latter case, however, there does not exist at any time, until the note is due, an indebtedness to the payee; whereas, in the instant case, even though the plaintiff sued in attachment on the note and there was outstanding at that time a judgment on the note, there was in existence all the time a debt from the defendant to the plaintiff. The defendant does not deny that the plaintiff had a demand which entitled him to maintain his action, for a judgment may as well be the basis of attachment as the note, but the defendant claims that the evidence of that demand had been changed at the time he brought his suit. If, as stated in the replication, the plaintiff's demand had been restored to its original form, namely, a demand evidenced by a promissory note, it then became entirely consistent with the cause of action originally declared upon. We do not wish to intimate that a plaintiff may bring a suit when he has no rightful claim against the defendant, but only to hold that where, as here, there is outstanding, at the time of the institution of the proceeding, an obligation on the defendant, and the plaintiff in beginning his · suit misconceives the evidence upon which it is based, he may be allowed, where such a change takes place in the interim, as to rectify the error as to the evidence, to proceed with his cause of action. We are, therefore, of the opinion that the replication, if sustained by evidence, would entitle the plaintiff to judgment, and that the fact that plaintiff's claim had been reduced to judgment at the time the attachment was sued out on the notes is sufficiently answered by the allegation in the replication that prior to the filing of the plea the judgment had been vacated. We think, moreover, that it would be extremely unfortunate if any technical rule were to compel a different holding in such a case, since the facts disclosed by the pleadings show an indebtedness due the plain-

tiff, and a ground entitling him to a judgment. If his right to maintain this attachment were to be denied by reason of the fact that the indebtedness had been changed from a judgment back to the form in which he had declared upon it, the result would unquestionably be to defeat the ends of justice. The judgment is, therefore, reversed and remanded to the Municipal Court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*